DREW, Justice.
This petition for certiorari presents again the issue of adequacy of findings of fact by a deputy commissioner in an order denying compensation. The Full Commission concluded that upon a petition for modification of an award of permanent partial disability compensation, entered in 1955 upon .a compromise stipulation, the following findings were insufficient in the absence of any substantiating statement of facts:
“1. That there has been no change in condition nor a mistake in determination of fact presented by the evidence which justifies modification of the prior Order.
“2. The evidence was cumulative and merely added to those things considered and compromised by the parties in the stipulation approved by the Order of February 13, 1959.
*4 “3. The employee has been properly paid for his temporary total disability and permanent partial disability.
“4. The carrier is continuing to provide such treatment as the nature of employee’s injury requires.”
 The petitioner seeks to distinguish this order from that involved in Hardy v. City of Tarpon Springs, Fla.1955, 81 So. 2d 503, because the issues involved in a modification proceeding such as this, under F.S. Sec. 440.28, F.S.A.,[1] are quite different from those presented on an initial hearing. In either situation, however,, the controlling principle is the same: “The requirement of express findings in support of administrative awards in workmen’s compensation proceedings is not satisfied by findings which describe the material facts solely in the terms of the pertinent statute.” [2] The Commission in this case properly found that the mere characterization of the evidence as cumulative, even assuming an adequate adjudication of facts in the initial order, falls far short of the findings essential to permit a review of such order under the statute and decisions in this state. The opinion in Hardy, supra, expressly disposes of any contention that examination of the evidence in the record will indicate it “is susceptible only of an interpretation favorable to the decision,” by the clear statement that “[o]ur examination of the evidence is [only] for the purpose of ascertaining whether findings which have been made are properly supported by the evidence.”
The significance of this general rule in the orderly functioning of the administrative process is detailed anew in a recent federal opinion relative to fact findings in support of an agency award:
“There are no findings and no analysis here to justify the choice made, no indication of the basis on which the Commission exercised its expert discretion. We are not prepared to and the Administrative Procedure Act will not permit us to accept such adjudicatory practice. * * * Expert discretion is the life blood of the administrative process, but ‘unless we make the requirements for administrative action strict and demanding, expertise, the strength of modern government, can become a monster which rules with no practical limits on its discretion.’ * * The agency must make findings that support its decision, and those findings must be supported by substantial evidence.
“* * * For the courts to substitute their or counsel’s discretion for that of the Commission is incompatible with the orderly functioning of the process of judicial review. This is not to deprecate, but to vindicate * * * the administrative process, for the purpose of the rule is to avoid ‘propel[ling] the court into the domain which Congress has set aside exclusively for the administrative agency.’ ” Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962).
It is urged that the requirements of the Hardy case with reference to adequate findings, and similar cases which have followed it, place a great burden on already overburdened deputy commissioners. Expediency, however great, cannot justify a *5 circumvention of such a basic concept in the review of actions of administrative agencies. Moreover, strict adherence to these requirements will stabilize the law and preserve the respective powers and duties at the various levels of trial and review. The preparation of adequate findings by the trier of fact will often lead him to conclusions that otherwise he would not have arrived at. It is one thing to make an ultimate judgment but very often quite another to justify that judgment with findings of fact from the record. The reviewing authorities are not the best judges of the weight of the evidence or the credibility of the witnesses, particularly in these cases. Deputies not only have the advantage of personal contact with the witnesses but they become experts in this field. In most instances a deputy’s word is the final word — as it should be. In order to preserve this power in the deputies and thereby simplify and expedite the ultimate disposition of claims — most vital in these cases — the reviewing authorities should be presented a record prepared in such a manner that it may not only exercise its limited jurisdiction on review without unnecessary delay but at the same time be in a position to accord to the deputy’s findings the finality to which they are entitled. Without adequate findings of fact this cannot be done.
We therefore conclude that the order of the deputy was properly vacated and the cause remanded for entry of a new order. The petition for writ of certiorari should accordingly be denied, and in the absence of cross-petition no disposition is made of objections to other portions of the Commission’s order raised initially in respondent’s brief. F.A.R 4.5, subd. c (3) 31 F.S.A.
It is so ordered.
ROBERTS, C. J., O’CONNELL and CALDWELL, JJ., and COLLINS, Circuit Judge, concur.

. “440.28 Modification of orders. — Upon their own initiative or upon the application of any party in interest, on the ground of a change in condition or because of a mistake in a determination of fact the commission may at any time prior to two years after the date of the last payment of compensation pursuant to any compensation order, * * * review a compensation case in accordance with the procedure prescribed in respect of claims in § 440.25 and in accordance with such section, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.

. Anno. 146 A.L.R. 156.