O’CONNELL, Justice.
This case involves a subsequent development in the controversy that was the subject of our opinion in Utilities Operating Co. v. King, Fla.1962, 143 So.2d 854.
In the cited case, the Commission had denied Utilities Operating Co. a requested increase in rates, allowing a lesser increase, even though the requested increase would not give the Utility a fair return. In that proceeding, the Utility had not offered to prove and the Commission had not determined a rate base.
We remanded that case to the Commission with directions that it “ * * * either enter an order allowing the requested rates based on the record already before it or, if it deem wise, it may proceed to establish a rate base. In the latter case, it may hold such further proceedings and receive such further evidence as it may determine necessary to enable it to establish a rate base from which to determine what rates the utility will be allowed to charge.”
*442 The Commission elected to hold further hearings and receive additional evidence, which was done. Thereafter, the Commission entered an order granting the requested increase in rates, which order is the subject of this petition for certiorari.
For its first point, petitioner asserts that the Commission erred in allowing the rate increase, in that such increase was founded upon an illegal fair value engineering report.
This is so, says petitioner, because Section 367.12(2), F.S.A., required that the Utility file an engineer’s report establishing the fair value of the utilities property used and useful in the public service, “as of June 18, 1959.” The report filed by the Utility and considered by the Commission established the fair value as of September 25, 1959, the date on which by resolution of its Board of County Commissioners, Broward County became subject to the provisions of Chapter 59-372, now Chapter 367 F.S.A.
It is true that, as adopted by the 1961 Session of the Legislature, Section 367.12 (2) requires that the engineering report establish the fair value of the subject property “as of June 18, 1959.”
However, as respondent points out, Chapter 367, F.S.1961, did not become law until adopted by the 1961 Session of the Legislature. Up until that time, the applicable law was Chapter 59-372, Laws of 1959. Section 12(b) of this session law provides that said engineering report shall establish the fair value of the utilities property “as of the effective date of this Act.” The report filed by the Utility here involved, being filed in 1959, was controlled by the provisions of Chapter 59-372 rather than by Chapter 367, F.S.1961.
The question then is, what was the “effective date” of Chapter 59-372. Was it June 18, 1959, the day the statute became law, or was it September 25, 1959, the day on which the Board of County Commissioners, Broward County, adopted the resolution bringing that County within the operation of the statute?
Reason and many provisions of the statute lead us to conclude that the term “as of the effective date of this Act” must be construed to mean the date on which the Act became operative and effective in the county involved.
Chapter 59-372 became a general law of this State on June 18, 1959. As such, it was available to any county that chose to come under it. But, by its very provisions, it did not become effective in any county until the adoption of the resolution required by Section 23, Chapter 59-372, which is identical to Section 367.23, F.S.A., F.S.1961.
The Attorney General, by his opinion No. 059-218, dated October 27, 1959, rendered at the request of the Executive Secretary of the Commission, after analyzing the provisions of the statute, reached the same conclusion we do. We concur in that opinion and the reasoning expressed therein.
We therefore conclude that the engineering report establishing the value of the utilities property used and useful on September 25, 1959, complied with the applicable statute, insofar as the point under discussion is involved.
Petitioner-City next contends that the Commission erred in approving a water rate base that included contributions in aid of construction acquired by the Utility from persons other than its customers prior to September 25, 1959.
It appears that the rate base involved on this point totaled $1,437,102.97, of which $424,722.58 was acquired by the Utility as contributions, either of property or money. These contributions were made prior to September 25, 1959, and are reflected in the engineering report discussed earlier. We are not concerned here with any contributions made after September 25, 1959.
Petitioner contends that such contributions are not an investment by the Utility *443 and should not be included in the rate base inventory. In support, it cites Public Utilities Commission v. East Providence Water Company, 1927, 48 R.I. 376, 136 A. 447; and City of Hagerstown v. Public Service Commission, 1958, 217 Md. 101, 141 A.2d 699.
Respondent does not meet this issue in its brief. Rather, it takes the position that, inasmuch as the rates allowed by the Commission do not furnish a fair return on the utilities property used and useful in the public service, it was unnecessary for the Commission to determine a rate base. In its brief, it argues that if the contributions are deleted from the rate base inventory, it will receive under the new rates a return of only 2.388%.
Nevertheless, the Commission’s order reveals that it did establish a rate base that included the contributions in aid of construction. As stated in Consumers Water Company v. City of South Miami, Fla.App. 1963, 151 So.2d 845, the basis used in achieving the end result must be a basis approved by law.
There is much to be said for Petitioner’s argument against allowing a private utility to earn a fair return on contributed property. However, in this State, we think the intent of the Legislature, as expressed in Chapter 59-372 and its successor Chapter 367, is clear. This intent is that property, however obtained, shall be included in the engineering report required to be filed, and that this report shall constitute the initial rate base inventory unless the report be found to be erroneous.
Sections 12(d) and 14(m), Chapter 59-372 (§§ 367.12(4) and 367.14(13) ) mention contributions in aid of construction, which is proof that the Legislature was not unaware that such contributions had been made to many private utilities of this class. Yet, the Legislature did not elect to exclude such contributions from the fair value engineering report.
Petitioner does not contend that the last cited sections of the statute should be construed to exclude such contributions. As we understand these provisions, they must be construed to the contrary.
We therefore hold that such contributions of used and useful property, made prior to the proper filing of the required engineering report, are properly considered a part of a rate base inventory.
For the reasons above expressed, the petition is denied.
It is so ordered.
DREW, C. J., and THOMAS, ROBERTS and CALDWELL, JJ., concur.