O’CONNELL, Justice.
On the first appearance of this cause we entered an opinion reported under the same style as this one at 167 So.2d 721. We there concluded that we could not answer one of the questions presented because of insufficient findings of fact as to that question in the order. For that reason we quashed Order No. 3546 and remanded it to the commission.
Because the history of the cause is fully detailed in our first opinion, it is only necessary that we relate what has occurred after it was entered. On return of this cause to it, the commission quite reasonably concluded that we had held its Order No. 3546 to be deficient in findings of fact only as to the question of the valuation of contributed property. Therefore, on January 28, 1965, the commission entered its Order No. 3546-A, in which it made the following findings of fact and conclusions of law:
“That the appraised value, less depreciation, of the water and sewer plant of the Applicant, as evidenced by the engineering report and as corrected-in Exhibit 28 by deletion of the construction work in progress which did not constitute used and useful plant, was $1,227,864.48 for the water plant and $1,254,076.90 for the sewer plant as of July 15, 1959; that such appraised value figures included the appraised value of utility plant acquired by the Applicant at no cost to it as contributions in aid of construction; that the appraised value of such contributions was properly included in determining the fair value of the water and sewer plant in service as of July 15, 1959; that contributions in aid of construction as to the water plant in the amount of $160,459.57 and as to the sewer plant in amount of $161,748.65 were received after July 15, 1959, and should be excluded in determining the rate base upon which a return will be allowed; and that such treatment of contributions in aid of construction is in accord with the requirements of Section 367.14(7), Florida Statutes [F.S.A.], and the Opinion of the Florida Supreme Court in the City of Plantation vs. Mason, Fla.1964, Case No. 32854 [170 So.2d 441].”
Order No. 3546-A then concluded:
“ORDERED by the Florida Public Utilities Commission that its Order No. 3546, entered in this Docket on March 13, 1963, and not thereafter superseded during the above described litigation be and it is hereby continued in full force and effect.”
It is this Order No. 3546-A which is now before us for review.
The petitioner village presents three questions which we paraphrase as follows: (1) whether an order of this court quashing a rate order, because of insufficient findings of fact, makes such new rates void ab initio so as to prevent the commission from thereafter continuing the quashed order in effect as it did in this case; (2) whether the commission erred in accepting the appraised fair value of the property contributed in aid of construction prior to July 15, 1959 without considering that the property was acquired by the utility without cost; and (3) whether Order No. 3546-A was not also fatally defective for failure to include sufficient findings of fact and conclusions of law.
The third question is without merit. Considered together with Order No. 3546 the subject order makes adequate findings of fact.
The second question is also baseless. In City of Plantation v. Mason, Fla.1964, 170 So.2d 441, we held that the fair appraised value of property contributed in aid of construction prior to the effective date of ch. 367, as reflected by the engineering report required by F.S. Sec. 367.-12(2), F.S.A., is properly included in the rate base of a utility. In City of Margate *780 v. King, Fla.1965, 167 So.2d 852, we explained that the value fixed in the engineering report is not sacrosanct and may be adjusted by the commission on its own investigation and hearing or on evidence submitted by the parties.
The petitioner village does not contend that the contributed property should not be considered in determining the rate base. It only argues that in determining the value of such property, the commission ought to have taken into account that it was acquired at no cost to the utility.
We do not understand that the village ■offered, or that the commission refused to allow, introduction of evidence relating to the fair value of the questioned property. The commission simply ruled that the fact the property was contributed had no relevance to its fair value. The commission was correct. The statute permits such property to be included in a rate base at the fair value shown by the engineer’s report as it may be modified by evidence received by the commission. The fact that the utility paid nothing for this property acquired prior to the effective regulatory date does not affect the fair value of the property and is not a factor to be weighed in the determination thereof. For example, if the ■engineer's report showed the utility owned two pieces of equipment identical in every respect, including age and condition, both would have the same fair value, even though one was contributed to the utility at no cost and the other was purchased by the utility at full price.
Petitioner’s first question requires that we construe our opinion reported in 167 So.2d 721. In doing so we must eat a portion of crow. In our earlier opinion we explained, at 167 So.2d 721, 728-729, that we could not decide the village’s point number two in that proceeding and would not be able to do so until the commission made adequate findings of fact supporting its Order No. 3546. Then, in the concluding paragraph of that opinion we said:
“Order No. 3546 entered by the Florida Railroad and Public Utilities Commission, March 13, 1963, is hereby quashed and this cause is hereby remanded to the Florida Railroad and Public Utilities Commission for its further consideration in light of the views expressed in this opinion. [Emphasis added.]”
Petitioner village argues that by quashing Order No. 3546 we rendered it void ab initio and forever beyond the power of the commission to resurrect. Should petitioner be correct in this, Order No. 3546-A, if upheld, could only authorize the increase in rates from January 28, 1965, the date Order No. 3546-A was entered, rather than from March 13, 1963, the effective date of Order No. 3546. Thus, the significance of our opinion and of the use therein of the word “quashed” becomes clear. At stake is the right of the utility to retain the increased rates allowed by Order No. 3546 and collected over a period of almost two years after March 1963.
We reject the contention of the commission that a judgment of quashal of one of its orders may under no circumstance be held to render the order quashed void ab initio. See Tamiami Trail Tours, Inc. v. Florida Railroad Commission, 1937, 128 Fla. 25, 174 So. 451.
Although we must also reject the village’s view of the effect of the quashal of Order No. 3546 by our earlier opinion, we confess that its position is doctrinally sound. The fault lies in our unfortunate employment of the word “quash” without fully considering the effect of its use. Although we have long used the word “quash” in disposing of administrative orders on review, we have not previously been presented with a case which pinpoints the significance of its use as does this case. Usually we intend the natural meaning of that word, but here we did not. As the opinion shows, we did not hold Order No. 3546 to be illegal, invalid, or unreasonable or a material departure from the essential requirements of law. Neither did we hold that the evidence was insufficient to sup *781 port the decision contained in the order. We held only that the commission had not written into its order the necessary findings of fact to support its conclusion. As the commission has demonstrated, this deficiency was easily corrected by entry of an amendatory or supplemental order upon the same record on which the original order was entered.
What we intended to do and what we should have done was to remand the cause to the commission for the entry of a supplemental order containing the necessary findings. Or, as an alternative, we could simply have relinquished jurisdiction to the commission for the same purpose. We now construe our first opinion to have had this effect. In future cases in which an administrative order suffers from a like defect we will either remand or relinquish jurisdiction for correction of the defect rather than quash it, if to do so will disturb the time of determination of the rights of the parties as in this case.
Such procedure will permit the fixing of the rights of the parties as of the time they ought to be determined. In the instant case, the commission found, and the record shows, that the utility was entitled to an increase in rates at the time of entry of the order in March 1963. It would be inequitable to defer the utility’s right to the increased rates for approximately two years because of what we found to be a defect in the order entered by the commission. The soundness of what we do here is demonstrated by the fact that if the instant case had involved an order decreasing rates it would be equally inequitable to allow the utility to continue to collect the old and •greater rates for the period between the entry of the first and second orders.
For the reasons above expressed the petition for writ of certiorari is denied.
It is so ordered.
THORNAL, C. J., and ROBERTS and BARNS (Ret.), JJ., concur.
THOMAS, J., agrees to conclusion.