QUESTION: Must an assessor place a mobile home that on January 1 of the tax year has not been issued a current license plate pursuant to Ch. 320, F.S., nor classified as real property on the personal property tax roll and tax it as tangible personal property?
SUMMARY: The property appraiser should place on the personal property tax roll and tax as tangible personal property a mobile home that on January 1 of the tax year does not have affixed thereto a current license plate as required by Ch. 320, F.S., or is not classified and taxed as real property or permanently affixed to real estate owned by the owner of the mobile home, pursuant to s. 2, Ch. 74-234, Laws of Florida [s. 193.075, F.S. (1974 Supp.)]. Your question is answered in the affirmative. Section 2, Ch. 74-234, Laws of Florida [s. 193.075, F.S. (1974 Supp.)], provides as follows: Mobile homes. — Any mobile home without a current license plate properly affixed as provided in subsection 320.08(8) or section 320.0815, Florida Statutes, shall be presumed to be either real property or tangible personal property. It shall be presumed to be real property only if the owner of the mobile home is also the owner of the land on which it is located and the mobile home is also permanently affixed to the realty. Otherwise it shall be presumed to be tangible personal property. (Emphasis supplied.) Mobile homes that are not classified and taxed as real property or are not permanently affixed to realty owned by the mobile home owner and that do not have a valid, current license plate affixed thereto on January 1 as required by law are, therefore, pursuant to s. 2, Ch. 74-234, supra, presumed to be tangible personal property. Sections192.011, 192.032, and 192.042, F.S., provide that all tangible personal property in a county or municipality or both on January 1 shall be assessed and taxed as applicable. Thus, mobile homes not classified and taxed as real property or permanently affixed to real estate owned by the mobile home owner and which do not have a current license plate attached thereto on January 1 as provided by law should be placed on the personal property tax roll by the property appraiser and accordingly subjected to ad valorem taxation as tangible personal property. See also AGO 074-128. Said statute is of course presumed to be constitutionally valid and must, as the latest expression of legislative intent, be given effect by the property appraiser who is charged with its administration and enforcement. Village of North Palm Beach v. Mason, 167 So.2d 721 (Fla. 1964), White v. Crandon, 156 So. 303
(Fla. 1934), and Evans v. Hillsborough County, 186 So. 193 (Fla. 1938). See Art. VII, s. 1(b), State Const., and cf., s. 320.01 et seq., F.S. 1973. The presumption that a mobile home is tangible personal property if without a current license plate on January 1 and if not legally taxable as real property appears under the terms of the quoted law to be a rebuttable presumption. See Goldstein v. Maloney, 57 So. 342 (Fla. 1911), Leonetti v. Boone,74 So.2d 551 (Fla. 1954), and 13 Fla. Jur. Evidence s. 76, p. 83. The purchase of a current mobile home license plate after January 1 and its subsequent attachment to the mobile home as provided by law might be considered sufficient evidence to overcome the presumption so as to permit the property appraiser to remove the mobile home from the tangible personal property tax roll for that tax year.