QUESTIONS: 1. Is AGO 073-329, which ruled that a county is not required to pay for long distance calls and monthly service charges incurred by the public defender in the operation of his office, equally applicable to the state attorney's office? 2. Are transportation services of the state attorney's and public defender's office to be paid for by the county?
SUMMARY: Under ss. 27.34 and 27.54, F. S., Ch. 75-280, Laws of Florida, and a recent judicial decision, counties are statutorily responsible for providing all "telephone services" to the state attorneys and public defenders. Any "operating capital outlay items" presently being provided by a county to a state attorney or public defender should continue to be provided by the county. Under ss. 27.34 and 27.54 and Ch. 75-280, state funds should be used to pay all costs of transportation services for the state attorney and public defender of Monroe County except for those "centralized county services" provided in fiscal year 1973- 1974 by the county to all units of county government for which the costs of the services were not prorated. AS TO QUESTION 1: In AGO 073-329, I was called upon to determine what was contemplated by the use of the phrase "telephone services" as used in s. 27.54, F. S. The statute unequivocally states that the county shall not appropriate or contribute to the "operation" of the public defender's office. Section 27.54(2). Another provision, however, states that the county shall provide the public defender with, among other things, "telephone services." Section 27.54(3). (Substantially identical provisions are contained in s. 27.34, relating to state attorneys.) As the meaning of the phrase was in doubt due to the apparent inconsistency, I examined the legislative comments in the letter of intent appended to appropriations for the several public defenders and state attorneys in the 1973 General Appropriations Act, Ch. 73-335, Laws of Florida. While the statement of intent appended to the 1973 act could not, of course, be given effect in the face of clear and unambiguous language in a statute to the contrary, it was proper to consider it in resolving the ambiguities in the act as finally adopted. Attorney General Opinion 075-257. Accord: Attorney General Opinion 073-330A, in which ambiguities in the 1973 county officers' salary act were resolved "in accordance with the legislative intent as shown by the legislative debates and reports." The statement of intent clarified the nonoperational services that may be provided by the county to public defenders and state attorneys under ss. 27.34(2) and 27.54(3); and I ruled in AGO 073-329 that: The cost of long distance calls and the monthly service charge for telephone service would appear to be "operation" costs that are not properly chargeable to the county. Thus, pending legislative or judicial clarification, only the installation costs of telephone service — or the cost of connecting with a Central PBX system — should be paid by the county. The legislative intent in this respect, as interpreted in AGO 073- 329, was, in fact, confirmed by the 1974 and 1975 General Appropriations Acts, Chs. 74-300 and 75-280, Laws of Florida. A proviso incorporated in each of these acts following the line item appropriations for state attorneys and public defenders reads as follows: Provided, however, office space, and related expenses for custodial services and utilities shall continue to be provided by the counties as prescribed by section 27.34(2), [27.54(3)] F. S. Any operating capital outlay items now provided by county to the state attorneys [and public defenders] shall continue to be provided. Notwithstanding section 27.34(2), [27.54(3)] F. S., only centralized county services as provided in FY 73-74 to all units of county governments for which cost of services are not prorated may be continued. (Emphasis supplied.) It has long been settled that "reasonable and related conditions upon the same subject may be placed upon expenditures in an appropriation bill." Department of Administration v. Horne, 269 So.2d 659, 661 (Fla. 1972). While the proviso in question speaks in terms of the expenditure of county funds, it operates in practical effect as a qualification of, or a limitation upon, the use of state funds which the Legislature in its wisdom and sole discretion (subject, of course, to any constitutional restrictions or mandates) may deem expedient. See State ex rel. King v. Lee, 153 So. 859 (Fla. 1935). And, as in the case of any other law, it is presumptively valid, Evans v. Hillsborough County, 186 So. 193 (Fla. 1938); cf. Village of North Palm Beach v. Mason, 167 So.2d 721 (Fla. 1964). While the term "service" would include the providing of telephone service, see State v. Southern Telephone Construction Co., 61 So. 506
(Fla. 1913), plainly, long distance calls and monthly telephone service charges incurred by a state attorney or public defender are not "centralized county services" provided to all units of county government for which cost of services are not prorated. A county service is one provided by the county. "Centralize" means "to bring under one control, esp. in government." The Random House Dictionary of the English Language (unabridged 1973). In AGO 073-329 I concluded that a "centralized county service" would include telephone service that was under the control of and provided by the county and would not include long distance calls and monthly telephone service charges incurred by the state attorney and public defender in the day-to-day operation of their offices. Sections 27.34 and 27.54, supra, have not been amended since AGO 073-329 was rendered. The interpretation made therein of s. 27.54 (which is equally applicable to the supplying of telephone services to a state attorney under identical provisions of law) was rejected in Schwarz v. Glucker, No. 73-607-CA, 19th Jud. Cir., rendered January 9, 1974. One of the questions before that court was what was contemplated by the term "telephone services" as used in s. 27.54(3). (This was substantially the same question which I answered in AGO 073-329, discussed above.) The court concluded that the financial obligation was statutorily placed upon the county: 1. The Defendant counties must pay all bills for office space, utilities, telephone services, and custodial services for the offices of the Public Defender, which bills have accrued since July 1, 1973, and current bills as they shall continue to become due within the amounts previously budgeted. If no funds have been budgeted, a budget therefore shall be established from other funds available for this purpose, until such time as said items and services are provided by the said Defendant counties to the Public Defender in kind. 2. The telephone services mentioned in the above paragraph shall include all costs of telephone service, installation, monthly charges and long distance telephone calls. Thus, until judicially or legislatively declared otherwise, I am compelled to adhere to this judicial decision requiring counties to pay for all telephone services of the public defenders and state attorneys. AS TO QUESTION 2: It should be noted at the outset that s. 27.54(3), F. S., does not authorize or require the providing of transportation services to the public defenders. The maxim expressio unius est exclusio alterius is applicable and would limit the services that shall be provided by the county to the public defender to those services specifically mentioned. Thus, this opinion is limited to the providing of such services to state attorneys under s.27.34(2), supra. In ordinary usage, the term "services" has a rather broad and general meaning. Skrivanick v. Davis,186 P.2d 364 (1974). In that broad sense, it means any act performed for the benefit of another under some arrangement or agreement whereby such act was to be performed. New Jersey Assoc. of Ind. Ins. Agents v. Hospital Service Plan of New Jersey, 320 A.2d 504
(1974). The more limited definition of "services" applicable here is "the supplying or a supplier of public communication and transportation: telephone service, bus service." (Emphasis supplied.) The Random House Dictionary of the English Language (unabridged 1973). Thus, the term "service" includes transportation services. As it relates to the state attorney, he should continue to be provided with any "centralized county transportation service" that was provided in fiscal year 19731974 to all units of county government for which cost of services was not prorated. Apparently, according to your letter, the state attorney was not provided with any transportation services by the county in the fiscal year 1973-1974; thus, transportation expenses of the state attorney's office should be included in his annual budget of estimated operational expense submitted to the state Department of Administration in accordance with s. 27.33(1), F. S., except for any "operating capital outlay items" now provided by the county to the state attorney or public defender. Accord: Attorney General Opinions 074-74 and 073-458.