Jeff D. Gautier State Attorney Key West
QUESTION:
Is the county or the State of Florida obligated to pay for office furniture and typewriters used by the office of the state attorney in office space provided by the county, in view of the language in the Appropriations Act which provides that custodial services and utilities as provided in fiscal year 1973-1974 may be continued (by the county)?
SUMMARY:
That portion of the proviso contained in the 1978 General Appropriations Act, Ch. 78-401, Laws of Florida (assuming the validity of said proviso), providing that office space and related expenses for custodial services and utilities shall continue to be provided by the counties to state attorneys, does not include within its terms such items of operational expense of the state attorneys as office equipment, office furniture, and typewriters. The state — not the county — is responsible for providing and paying for office furniture and typewriters for the operations and offices of the state attorneys in accordance with legislative appropriations and legislatively approved budgets, subject to the proviso's further requirement (also presumptively valid) that `any operating capital outlay items now provided by county to the state attorneys shall continue to be provided.'
On page 104 of Ch. 78-401, Laws of Florida (SB 1100, the 1978 General Appropriations Act), it is provided:
 Office space and related expenses for custodial services and utilities shall continue to be provided by the counties as prescribed by section 27.34(2), Florida Statutes, any operating capital outlay items now provided by county to the state attorneys shall continue to be provided. Notwithstanding section 27.34(2), Florida Statutes, only centralized county services as provided in FY 73-74 to all units of county government for which costs of services are not prorated may be continued. (Emphasis supplied.)
The above proviso is identical to that included in the 1977 General Appropriations Act in reference to the offices of the various state attorneys (see p. 1988, Ch. 77-465, Laws of Florida), regarding which your question was originally submitted.
For the purposes of this opinion, the proviso in question must and will be presumed to be valid and constitutional. (Indeed, any legislative enactment is entitled to a presumption of validity unless ruled invalid by a court of competent jurisdiction.) However, I feel obligated to mention that I have observed in recent years an increasing use of the General Appropriations Act through provisos such as the one in question to enact facially apparent substantive law. The following prohibition is set forth in s. 12, Art. III, State Const.: `Laws making appropriations for salaries of public officers and other current expenses of the state shall contain provisions on no other subject.' (Emphasis supplied.) This prohibition has been construed as meaning that `[a]ctual modifications of existing statutes or new provisions which are plainly substantive in nature and upon a subject other than appropriations are in violation of Fla. Const., Art. III, s.12.' Department of Administration v. Horne, 269 So.2d 659, 662
(Fla. 1972). And, in Advisory Opinion to the Governor,239 So.2d 1, 9 (Fla. 1970), the justices offered the following standard by which to judge whether an appropriations bill proviso violates s. 12, Art. III:
 The legislature does not have the power nor the right under the Constitution of this State to make law in any appropriations bill on other subjects, unless the other subjects are so relevant to, interwoven with, and interdependent upon, the appropriations so as to jointly constitute a complete legislative expression on the subject. (Emphasis supplied.)
In accord: Lee v. Dowda, 19 So.2d 570 (Fla. 1944); Dickinson v. Stone, 251 So.2d 268 (Fla. 1971); and Thomas v. Askew,270 So.2d 707 (Fla. 1973). See also AGO 076-81. Nevertheless, whether the proviso here in question is sufficiently `relevant to, interwoven with, and interdependent upon' the appropriations made in Ch.78-401 to the various state attorneys is a question only the courts can decide in appropriate adversary legal proceedings brought for that purpose. Pending any such judicial determination, I must accord the proviso the same presumption of validity to which any legislative enactment is entitled. State ex rel. Shevin v. Metz Construction Co., Inc., 285 So.2d 598 (Fla. 1973); Village of North Palm Beach v. Mason, 167 So.2d 721 (Fla. 1964); and State v. Strickland, 166 So. 313 (Fla. 1936).
The proviso in question specifies and describes the `custodial services and utilities' as being `related expenses' to the office space provided by the counties. I am unaware of any opinion of this office or of the courts holding office furniture or typewriters to constitute `custodial services and utilities' as related to office space provided or leased by the counties but operated by the several state attorneys. Neither do I find any definition of the term `custodial services and utilities' which could reasonably or arguably be said to include office furniture or typewriters as a related expense to such office spaces. In addition to the appropriations act proviso in question, there is nothing in s. 27.34, F. S., requiring a county to provide office furniture or typewriters required in the internal operation of the offices of the state attorneys. Section 27.34(2), F. S., provides:
 The state attorneys shall be provided by the counties within their judicial circuits with such office space, utilities, telephone service, custodial services, library services, transportation services, and communications services as may be necessary for the proper and efficient functioning of these offices. The office space to be provided by the counties shall not be less than the standards for space allotment promulgated by the Department of General Services nor shall these services and office space be less than were provided in fiscal year 1972-1973. (Emphasis supplied.)
 It is a settled rule of statutory construction that, where a statute expressly requires or includes within its operation certain things, it is implied that no other such things are required by or included within the operation of that statute. Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952). Cf. Shuman v. State, 358 So.2d 1333 (Fla. 1978), dealing with s. 27.54(2), F. S., providing that `[n]o county or municipality shall appropriate or contribute funds to the operation of the offices of the various public defenders' (which is essentially the same as the provisions of s. 27.34(1), F. S., relating to state attorneys) and holding that certain costs of public defender appeals for indigents must be paid by the counties since such costs were not related to the internal operation of the public defender's office, which operation expenses of that office are to be provided for by legislative appropriations.
 Significant also is s. 27.33(1), F. S., which requires each state attorney to submit an annual report in itemized form detailing the amounts needed for operational expenses for the ensuing fiscal year. See also s. 27.33(4), F. S., providing that all provisions of Ch. 216, F. S., relating to the budgets and expense of state officers shall be applicable to state attorneys and their budgets and expenses. The state attorney's report referred to in s. 27.33(1) is simply a stage of or step in the budgeting and appropriations process governing state officers regulated by Ch. 216, F. S. One of the budget or operational expense items which must be included in this report to the Department of Administration is `[o]ffice equipment.' Section 27.33(1)(f), F. S. In addition, s. 27.33(3), F. S., provides that the annual budget report required to be submitted by each state attorney to the Department of Administration shall not include `any amount for any expense which is required by statute to be paid from county funds.' The significance of s. 27.33(3) is that it carries the necessary implication that any budget or operating expense items included in s. 27.33 (office equipment such as office furnishings and typewriters) is not
to be paid from county funds.
 It therefore appears that the Legislature intended that office equipment (including office furniture and typewriters) for the operations and offices of the state attorneys be paid for by the state from state funds (and not by a county or from county funds) and that the amounts needed for such operational expenses be included by each state attorney in the annual budget report submitted to the Department of Administration pursuant to s. 27.33(1), F. S., along with the other specified state budget or operational expense items, such as salaries and travel expenses, stationery, etc. And, as stated above, I find nothing to indicate that office furniture or typewriters constitute either `custodial services' or `utilities' or `related expenses' to office space provided by the county. As a result, I am of the opinion that office furniture and typewriters should be deemed to be included in the term `office equipment' as used in s. 27.33(1), F. S., and to be, accordingly, the responsibility of the state, not the county, and are to be paid from state funds in accordance with legislative appropriations and legislatively approved budgets, subject to the presumptively valid proviso language in Ch. 78-401, supra, requiring that `any operating capital outlay items now provided by county to the state attorneys shall continue to be provided.'
Prepared by: Jerald S. Price, Assistant Attorney General