The Honorable Nevin Smith Secretary, Department of Administration
QUESTION:
Does a home rule charter county have the lawful authority to amend or repeal by ordinance a special act of the State Legislature that creates an independent special district separate from county government and with jurisdiction extending territorially throughout all the county?
SUMMARY:
Until judicially determined otherwise, a charter form of county government, established pursuant to s. 1(c), Art. VIII, State Const., and implemental general law is not constitutionally or statutorily empowered to enact a county ordinance which attempts to amend or repeal any special act creating and establishing an independent special district that is separate from such charter county government, with county-wide jurisdiction and whose enabling legislation is of county-wide force and effect; the Sarasota Hospital Board as the governing body of the Hospital District is not empowered by the Hospital District's enabling legislation, as amended, to enact any form of local legislation which provides for payments `on account of sickness' to the officers or employees of the Hospital Board or the Hospital District for purposes of the Social Security Act of ch. 650, F.S.
Several questions are presented involving the legal authority of the Sarasota Memorial Hospital District to make payments `on account of sickness' to hospital employees for purposes of the deduction or exclusion of such payments from the wages of hospital employees and from the definition of wages in 42 U.S.C. § 409 and ch. 650, F.S., and in calculating the hospital's monthly contribution to the Social Security Contribution Trust Fund established by s. 650.06, F.S. See also ss. 650.05(3)(a) and (b), F.S., and generally see AGO 081-48. As stated in AGO 081-48,42 U.S.C. § 409(b) in relevant part provides that "[t]he amount of any payment (including any amount paid by an employer for insurance or annuities, or into a fund, to provide for any such payment) made to, or on behalf of, an employee or any of his dependents under a plan or system established by an employer which makes provision for his employees generally (or for his employees generally and their dependents) or for a class or classes of his employees (or for a class or classes of his employees and their dependents), on account of . . . sickness . . .' are expressly excluded from the definition of `wages' contained [in s. 409].' However, as that opinion went on to point out the Department of Health and Human Services requires by rule that in order for the exclusion for payments `on account of sickness' to be available to states and their political subdivisions such governmental entities must `possess statutory or other legal authorization to make payments to employees solely on account of sickness.' See State of New Mexico v. Weinberger, 517 F.2d 989, 991 (10th Cir. 1975); SSR 72-56 (1972); see also SSR 78-2 (1978).
Your inquiry and supplemental material furnished to this office discloses that the Board of County Commissioners of Sarasota County enacted an ordinance on May 11, 1976, which purported to amend the special act (ch. 49-26468, Laws of Florida, Extraordinary Session 1949), creating the independent special hospital district in question. The amendment, Ordinance No. 76-20, Ordinances of Sarasota County, Florida, presumptively gave the governing hospital board the authority to expend hospital funds pursuant to a plan or system established by the hospital board to make `payments on account of sickness' within the purview of the Social Security Act, specifically 42 U.S.C. § 409(b), and implemental rules of the Department of Health and Human Services.
Your questions raise issues concerning the application of rules and regulations adopted pursuant to 42 U.S.C. § 409 that ultimately require judicial determination by the federal courts, and therefore are beyond the scope of this office's authority. Any determination as to what constitutes sufficient `statutory or other legal authorization to make payments to employees solely on account of sickness' for purposes of the Social Security Act is a question which must be answered by the Department of Health and Human Services, the federal agency charged with the administration of the Social Security Act or by the federal courts rather than this office. Also implicit in this inquiry is the question of the legality or validity of certain legislative action taken by the Board of County Commissioners of Sarasota County about which this office has no authority to decide. Legislative enactments are presumptively valid, and this office must decline to comment upon the constitutional efficacy of a duly enacted county ordinance.See, e.g., Village of North Palm Beach v. Mason, 167 So.2d 721
(Fla. 1964); City of Miami v. Kayfetz, 92 So.2d 798 (Fla. 1957).
However, because the issues raised primarily involve federal law and regulations, as well as ch. 650, F.S., and in light of the status of the Division of Retirement of the Department of Administration as administrator of the social security contract between the State of Florida and the federal government, it is necessary that some guidance be given your Department and the Division of Retirement in this matter. There has been a notice of assessment from the Social Security Administration against this hospital district in the amount of $288,557.84 on the basis that social security contributions were not reported on sick leave payments made during 1975 through June 30, 1980; the present Social Security Administration contends that these payments were in fact `wages for social security tax purposes.' The Division of Retirement has a duty and responsibility under the federal-state contract to collect such assessments of social security contributions and pay them over to the federal government.
While I cannot pass upon the validity of any legislative action taken by the Board of County Commissioners of Sarasota County or the governing board of this hospital district (which is now a judicial question), I do direct your attention to the discussion in Question Two of AGO 081-7. That opinion dealt with the establishment of county government by charter pursuant to s. 1(c), Art. VIII, State Const., and implemental legislation, parts II and IV of ch. 125, F.S. Sarasota County operates under the same or similar Home Rule Charter form of government, and the general principles enunciated in AGO 081-7 will apply with equal force and effect to the Sarasota Charter form of government. In that opinion it was concluded that if a county.
 adopts a charter form of county government under s. 1(c), Art. VIII, State Const., its governing body will possess no constitutional authority to amend or repeal or supersede or alter by county ordinance any existing and effect special law relating to the county and the incorporated areas therein, except for those local and special laws relating only to the unincorporated area of the county in force and effect on the effective date of Art. VIII which, pursuant to s. 6(d), Art. VIII, may be amended or repealed by county ordinance. (Emphasis supplied.)
I have examined the enabling legislation for this hospital board and hospital district and find that the hospital board was established as `a body corporate, with jurisdiction extending territorially throughout all of Sarasota County, which territory is hereby known as the Sarasota County Public Hospital District.'See ss. 1 and 4, ch. 49-26468, Laws of Florida, Extraordinary Session 1949. You have directed my attention to Evans v. Hardcastle, 339 So.2d 1150 (2 D.C.A. Fla., 1976), as controlling the instant inquiry. That case is inapplicable here. The court did not hold that the authority granted in s. 6(d), Art. VIII, State Const., could be applied to permit a home rule charter county to amend or repeal a special act with county-wide jurisdiction, relating to incorporated areas as well as unincorporated areas of the county.
In sum, this hospital district's jurisdiction is county-wide; its enabling statute, as amended, is of county-wide force and effect and the statute does not relate `only to the unincorporated area of [the] county.' See Art. VIII, State Const. Moreover, the members of the governing board of this special district are independently elected and exercise their statutorily prescribed powers, duties and functions independent of and separate from the county government of Sarasota County. It would therefore appear, until judicially determined otherwise, that a charter form of county government (home rule charter county) established pursuant to s. 1(c), Art. VIII, State Const., and implemental general law is not constitutionally or statutorily empowered to enact a county ordinance which amends or repeals any existing special law creating and establishing an independent special district that is separate from such charter form of county government, with county-wide jurisdiction and whose enabling legislation is of county-wide force and effect. In view of this conclusion it is unnecessary for me to respond to your second question. Further, because of the constraints placed upon opinions of this office discussed at the beginning of this reponse, I am unable to consider your third question beyond the following narrow exception. My examination of ch. 49-26468, Laws of Florida, Extraordinary Session 1949, and subsequent amendments to this special law, does not reveal any authority for the hospital district or its governing body to make payments `on account of sickness' to district employees within the purview of or for the purposes of the Social Security Act or ch. 650, F.S.
Prepared by: Craig Willis, Assistant Attorney General