CAMPBELL, Acting Chief Judge.
Appellants, General Development Utilities, Inc. (G.D.U.) and General Development Corporation (G.D.C.), appeal the non-final order arising out of an eminent domain proceeding that limited the amount of compensation to be paid G.D.U. by appel-lee, Charlotte County, Florida (Charlotte County), for its condemnation of G.D.U.’s utility system (water, sewer and L.P. gas). We reverse.
The order on appeal excluded all properties acquired by G.D.U. as so-called Contributions in Aid of Construction (C.I.A.C. or “contributed property”) from the determination of the amount of compensation G.D.U. was to be paid as full and fair compensation for its condemned properties to be acquired by Charlotte County. Such a ruling is directly contrary to the only clear supreme court ruling in this regard. See Dade County v. Gen. Waterworks Corp., 267 So.2d 633 (Fla.1972). General Waterworks is specifically on point, and we are bound to follow its precedent. See Hoffman v. Jones, 280 So.2d 431 (Fla.1973).
In an attempt to distinguish General Waterworks, Charlotte County relies upon such cases as Sarasota County v. Tamaron Utils., Inc., 429 So.2d 322 (Fla.2d DCA 1983), quashed and remanded, 460 So.2d 347 (Fla.1984); Village of North Palm Beach v. Mason, 188 So.2d 778 (Fla.1966); City of Plantation v. Mason, 170 So.2d 441 (Fla.1964); and Florida Cities Water Co. v. Board of County Commissioners of Sarasota County, 334 So.2d 622, 625 (Fla.2d DCA), app. dismissed, 341 So.2d 1081 (Fla.1976). However, those are rate-making cases which, according to General Waterworks, must be clearly distinguished from eminent domain cases regarding the use of C.I.A.C. property:
The condemnation of utility property is entirely different from the rate-making process. The complete dissimilarity between rate-making concepts and the just or full compensation standards which govern eminent domain have resulted in rejection of attempts to equate rate-making with eminent domain as a basis for determining fair market value.
267 So.2d at 640. Cf. Duval Util. Co. v. Florida Pub. Serv. Comm’n, 380 So.2d 1028 (Fla.1980).
Being bound by the clear precedent of General Waterworks, we reverse and remand for further proceedings consistent herewith.
SCHOONOVER and THREADGILL, JJ„ concur.