### Application of AZALEA PARK UTILITIES, Inc.
No. 8619-WS.

Florida Public Service Commission.

August 25, 1967.

John L. Remsen, Riviera Beach, for the applicant.

James S. Byrd, Orlando, for the protestants.

Chairman WILLIAM T. MAYO, Commissioners JERRY W. CARTER and EDWIN L. MASON participated in the disposition of this matter.

BY THE COMMISSION.

By application made in this docket, Azalea Park Utilities, Inc., a public utility as defined by chapter 367, Florida Statutes, seeks approval of increased rates and charges for water and sewer service in its operation in Orange County. This utility operates under the authority of certificates of public convenience and necessity nos. WS-37 and SS-31, issued pursuant to order no. 3350 entered in docket no. 6490-W, and order no. 3351 issued in docket no. 6191-S, authorizing operations as a water and sewer utility, respectively.

Public hearings were held on this application on January 24, 1967, at Winter Park; Rio Pinar Country Club (Orange County), February 21, 1967; Tallahassee, March 27 and April 10, 1967.

At the first of the hearings, the applicant presented in evidence its fair value appraisal of its water and sewer utility as of August 1, 1961, as contemplated by section 367.12(2), Florida Statutes. This appraisal was prepared by J. F. Cooper and Associates, and the applicant attempted to establish the validity thereof by the testimony of Jack F. Cooper, a registered engineer in the state of Florida. This appraisal fixes the reproduction cost of the water utility at $405,506 as of August 1, 1961, and after allowing depreciation, shows the present worth to be $350,442. The appraisal shows the reproduction cost of the sewer system, as of the same date, to be $951,262, and after deducting depreciation, shows the present worth of the sewer system to be $820,970 for a total utility plant, reproduction cost— $1,356,768, and present worth after depreciation— $1,171,442.

The Supreme Court of Florida held in City of Margate v. King, 167 So.2d 852 (1964), that such report of the engineer serves merely as a starting point in the property evaluation process. It establishes the value of the property which the utility may claim as a legitimate base for its rates, and such value fixed by the engineer is not conclusive against the commission's own investigative process.

Following the presentation of applicant's case, the commission elected to use its own investigative process and presented the testimony of its own engineering employee, William E. Bartel, Jr., at the hearing conducted at Tallahassee on March 27, 1967. Admittedly, Mr. Bartel is not an engineer registered in the state of Florida, but the commission notes that his qualifications include a B.S. degree in industrial engineering, experience in the U. S. Army Corps of Engineers, employment as an engineer by private industry, and almost five years employment by the commission in its engineering department.

Mr. Bartel prepared and presented an "amended" fair value appraisal of the water and sewer systems of Azalea Park Utilities, Inc., and testified in support of it to the effect that he had made several physical, on-sight inventory inspections of the plant; that print take-offs were made of under and above ground installations. Cost amounts listed in the appraisal were obtained from the actual contractor's invoices submitted to the company's consulting engineers, A. E. O'Neal & Associates, of Orlando; that less than 2% of the cost amounts listed in said amended appraisal were taken from the "engineering cost estimates" where invoices showed no cost figures. Mr. Bartel further testified that A. E. O'Neal & Associates designed, let bids, and supervised the construction of the entire plant facilities of Azalea Park Utilities, Inc.

Mr. Bartel testified that the fair value of Azalea Park Utilities, Inc., as of August 1, 1961, was as follows — water system — reproduction cost, $324,998, less depreciation using the same scale used by Mr. Cooper, present worth — $281,931; sewer plant reproduction cost, $726,665, less depreciation — present worth — $625,360, or a total reproduction cost of the entire plant — $1,051,663, less depreciation, present worth — $907,291. Thus, the present worth (August 1, 1961), testified to by Mr. Cooper is $1,171,422, and Mr. Bartel arrived at the figure of $907,291, leaving a difference of $264,131 in total plant evaluation.

At the hearing held in Tallahassee on April 10, 1967, Mr. Charles Fox, director of engineering for the applicant, who is

a registered engineer in the state of Florida, testified in support of the fair value appraisal made by Mr. Jack Cooper. In the judgment of the commission, the testimony of Mr. Fox materially lessened the validity of the fair value appraisal of Mr. Jack Cooper. For instance, at Account S-316 of the fair value appraisal, Mr. Cooper shows 7,110 linear feet of 10-inch cast iron pipe at an evaluation of $49,700. Mr. Fox testified at this subsequent hearing that there was no 10-inch cast iron pipe in the sewage system and was unable to reconcile the difference between his testimony and that of Mr. Cooper. Since Mr. Fox is the director of engineering of the applicant, he should know whether or not there is any cast iron pipe in the system. Taking this as true, it is impossible for the commission to consider the appraisal of Mr. Cooper accurate to the degree that the commission may use it as a basis for rate-making purposes.

After due consideration of the foregoing testimony of Mr. Fox and Mr. Bartel, it is ordered that the investigative processes of the commission have conclusively shown the fair value appraisal of Mr. Jack F. Cooper to be unreliable and therefore not acceptable as a basis for rate-making purposes on behalf of the applicant, and the same is rejected by the commission.

It is further ordered that final disposition of the application of Azalea Park Utilities, Inc., for increase in rates and charges for water and sewer service, be and the same is hereby deferred until such time as the applicant may have on file with the commission a fair value appraisal of the property of the applicant used and useful in the public service as of August 1, 1961, with appropriate schedules of depreciation.

It is further ordered that the applicant may prepare by its own engineer, or have prepared by any qualified engineer, an appraisal of its property as aforesaid, and file the same in this docket as a late-filed exhibit, reconciling, if possible, the variances and conflicts between the appraisals and testimony of Messrs. Cooper, Fox and Bartel, subject to further examination by respective counsel for the applicant, protestants, and the commission.

It is further ordered that the entire facilities of the commission are hereby offered to the applicant in order to assist, counsel, advise and help in any manner possible in the preparing and filing of an acceptable appraisal at the earliest possible time, in order that final consideration of this application may be timely concluded.

It is further ordered that the applicant may have a period of twenty days from the date of this order in which to formally notify the commission of its intention to comply with the requirements of the foregoing ordering paragraphs.

It is further ordered that in the event the applicant fails or refuses to comply with the requirements of this order, then, in such event, the application of Azalea Park Utilities, Inc., 805 Capehart Drive, Orlando, for increased rates for its water and sewer service in Orange County, be and the same shall stand denied and dismissed.