227 So.2d 197 (1969)
R.K. OVERSTREET, As Tax Collector of Dade County, et al., Appellants,
v.
Robert L. BLUM, Etc., et al., Appellees.
No. 37888.
Supreme Court of Florida.
September 10, 1969.
Rehearing Denied November 5, 1969.
Earl Faircloth, Atty. Gen., T.T. Turnbull and Arthur C. Canaday, Asst. Atty. Gen., for appellants.
Bennett G. Feldman of Schonfeld & Feldman, Miami, for appellees.
*198 CULVER SMITH, Circuit Judge.
We have for review on direct appeal a decision of the trial Court holding invalid Section 205.251, Florida Statutes, F.S.A., on the grounds that it constitutes an improper delegation of legislative authority and that it constitutes an unequal application of tax. This action was brought by Appellees, Plaintiffs below, as a class action to enjoin Appellants from collecting occupational license taxes under Section 205.251. Trial resulted in the holding set forth above. In addition, the trial Court held that the statute does not constitute double taxation. This portion of its holding is not questioned in this appeal.
Section 205.251, Florida Statutes, F.S.A., reads as follows:
(1) Every person engaged in the business of renting accommodations, as defined in chapter 509, * * * shall pay for each place of business an amount of seventy-five cents (75¢) for each room; provided, however, that no such establishment shall pay less than seven dollars and fifty cents ($7.50) for said license. The room count to be used in this section shall be the same as used by the hotel and restaurant commission in section 509.251, Florida Statutes.
(2) No municipality or county shall originally issue an occupational license to any business coming under the provisions of this section until a license has been procured for such business from the hotel and restaurant commission.
The lower Court held this statute invalid stating it constituted an improper delegation of legislative authority in that the room count to be used shall be the same as that used by the Hotel and Restaurant Commission in Section 509.251, Florida Statutes, F.S.A., thereby providing that the assessment of the tax shall rest within the arbitrary discretion of the commission. The trial Court did not question the validity of Section 509.251 and this is not in issue.
It is proper for a statute to adopt all or a part of another statute by specific and descriptive reference thereto. When this is done the adoption takes the statute as it exists at that time. Hecht et al. v. Shaw, 112 Fla. 762, 151 So. 333. Further, the adoption of another statute by specific reference takes the second statute as it then exists, unaffected by any subsequent amendment or repeal unless a contrary intent clearly appears. Williams et al. v. State ex rel. Newberger, 100 Fla. 1567, 125 So. 358. Section 205.251 refers specifically to both Section 509.251 and to the room count of the Hotel and Restaurant Commission. It follows that subsequent administrative interpretation cannot be considered. Those used would be the ones in existence on the effective date of Section 205.251 which makes no reference to anything in the future. We have examined the authorities cited by Appellees and are of the opinion that the statutes involved in each were worded in such general language that the holdings do not apply to the instant case.
The trial Court also found Section 205.251, Florida Statutes, F.S.A., to be invalid because it constitutes an unequal application of tax. Section 509.241(1) (b) provides as follows:
(b) The following are exempted from the provisions of paragraph (a) hereof:
(1) All individually or collectively owned one, two, or three family dwelling houses or dwelling units and all of such houses or units which are not operated as a group, unless they are regularly rented to transients or held out to, or advertised to the public as places regularly rented to transients. For the purpose of this chapter transients are persons who are not legal residents of the community and who rent for periods of six months or less.
(2) Dormitories and other living or sleeping facilities maintained by public or private schools, colleges, or universities primarily for the use of students, faculty or visitors.

*199 (3) All hospitals, nursing homes, sanitariums, and other similar places.
(4) All places renting three rooms or less, unless they are advertised or held out to the public to be places that are regularly rented to transients.
The trial Court concluded that the exemptions set out above might be proper for application of Section 509, but that they are improper in the application of the tax levied under Section 205.251. We cannot see why there would be a distinction. In Greater Miami Financial Corporation v. Dickinson, Fla., 214 So.2d 874 this Court stated:
"The organic law does not prohibit reasonable classification of subjects of legislation as long as there is no discrimination within the class. A classification will be sustained if there is a reasonable relationship between the class affected and the subject matter of the legislation."
Appellees argue that under the exemptions provided in Section 509 one building of 1,000 units, each being three rooms or less would be exempt from payment of an occupational license tax. We fail to follow this reasoning. Section 509 exempts "three family" dwelling units, not three room dwelling units. The classification, in our opinion, is reasonable. A statute should be construed to comport with the constitution if it is susceptible of more than one construction. Redwing Carriers, Inc. v. Mason, Fla., 177 So.2d 465. This rule applies to both findings of invalidity made by the trial Court. The Judgment of the Court below must be reversed.
There is a contention by Appellants that the Appellees in paying the taxes in question, did not do so under protest. This need not be considered in view of our holding.
Reversed.
ERVIN, C.J., and DREW, CARLTON and ADKINS, JJ., concur.