QUESTION: Does the Board of Regents have the authority to delegate the specific powers and responsibilities set out in ss. 239.54, 240.103, and 240.141, F.S., to its chancellor or university presidents?
SUMMARY: Pending legislative or judicial clarification, the Board of Regents should not subdelegate to the chancellor or the presidents of state universities its statutory duty to adopt traffic rules and regulations, s. 239.54, F.S., nor vest in them discretionary authority to charge off uncollectible accounts, s. 240.103, F.S., or to approve new construction, s. 240.141, F.S. The legislature has granted certain powers to the Board of Regents among which are the powers to adopt traffic regulations governing traffic on the grounds of the institutions under its management, s. 239.54, F.S.; to charge off uncollectible accounts, s. 240.103, F.S.; and to authorize certain new construction, s. 240.141, F.S. Section 240.001(2), id., states that It is the intent of the legislature that the board shall be primarily a policy-making board, establishing the policies of the state university system by rules and regulations adopted by it for the lawful aims of education and providing sufficient authority and assistance to its staff and agencies so that they shall be fully responsible for the management of the several institutions and agencies. (Emphasis supplied.) And s. 240.042(1), id., authorizes the board to delegate its powers, as follows: The board is empowered to delegate to its staff and to heads of the several institutions and agencies under its jurisdiction such of its powers as it deems expedient and proper. The general principle of law expressed in the maxim delegatus non potest delegare — that a delegated discretionary power may not be further delegated by the person to whom it is delegated — does not apply when the statute delegating the power expressly (or, in some jurisdictions, impliedly) authorizes its subdelegation to an executive or administrative officer. [See] 1 Davis, Administrative Law Treatise, ss. 9.01, 9.06, 9.07; 2 Am. Jur.2d Administrative Law s. 221; Candlestick Properties, Inc. v. San Francisco Bay C. D. Com'n, 89 Cal.Rptr. 897 (1st Cal.App., 1970); Anderson v. Grand River Dam Authority, 446 P.2d 814 (Okla. 1968); Petition of the Michigan State Highway Commission, 178 N.W.2d 66 (Mich.App. 1970); Mercer Council #4 v. Alloway, 290 A.2d 300 (N.J.Super. App. Div. 1972), aff'd 296 A.2d 305. Accord: State v. Inter-American Center Authority, 84 So.2d 9, 14 (Fla. 1955), in which the court said that it was familiar with the rule that "in the absence of statutory authority a public officer cannot delegate his powers, even with the approval of the court." (Emphasis supplied.)
However, even assuming that a statutory authorization to subdelegate discretionary power couched in such general terms as those of s. 240.042, supra, is adequate to support a subdelegation of power in an appropriate case, I have the view that the statute should not be interpreted as authorizing the board to subdelegate the three powers specifically referred to in your letter. It is a well-settled principle of statutory construction that a statute should be construed to comport with the Constitution if it is susceptible of more than one construction. City of Jacksonville v. Bowden, 64 So. 769 (Fla. 1914); Anderson v. City of Ocala,64 So. 775 (Fla. 1914); Overstreet v. Blum, 227 So.2d 197, 199 (Fla. 1969). And the statute in question is susceptible to attack on constitutional grounds if interpreted to mean that the board may delegate to the chancellor or to a university president any one or all of the three specific powers in question. This is so because the powers referred to "partake so much of the exercise of sovereign power that the same cannot be lawfully delegated, even by the legislature, to be performed by one not commissioned as an officer." (Emphasis supplied.) Florida Dry Cleaning and Laundry Bd. v. Economy Cash Carry Cleaners, 197 So. 550, 556 (Fla. 1940). It was there held that the board could not lawfully delegate to its chief supervisor the power to adopt rules and regulations for the conduct of the hearings of the board. Accord: Blitch v. Buchanan, 131 So. 151 (Fla. 1930). See also Dade County v. State, 116 So. 72, 76 (Fla. 1928), stating that "[t]he Constitution does not contemplate that essential governmental power or authority may be exercised by a corporate agency whose members are not duly commissioned officers"; and City of Margate v. King, 167 So.2d 852, 856 (Fla. 1964), ruling that the statute did not invalidly delegate to an engineer the power to fix the fair value of a utility's property in determining the rate base, as the value fixed by the engineer "is not conclusive against the Commission's own investigative process." The exercise by the Board of Regents of a legislative power is certainly the exercise of an essential governmental power or authority. It goes without saying that the adoption of rules and regulations is legislative in nature, as is the authorization of new construction. See 81 C.J.S. States s. 104, p. 1076; State v. Green, 116 So. 66, 69 (Fla. 1928); 64 Am. Jur.2d Public Works and Contracts s. 2, p. 843; 63 C.J.S. Municipal Corporations s. 1039, p. 633. Accord: Attorney General Opinion 074-37. Similarly, the charging off of uncollectible accounts would appear to be an essential governmental power, involving as it does the public funds of the state, as well as the exercise of the contracting power in the compromising and disposition of debts due the state. The power of the state to contract is a legislative prerogative, to be exercised in manner and form as directed by the legislature. Attorney General Opinion 068-44. While the chancellor and the heads of our state universities perform very important functions in the administration of the system of higher education in this state, their positions do not have the indicia of state "offices" as that term has been defined by our courts, including tenure, duties, and compensation fixed by law, as required by Art. II, s. 5, State Const. See In re Advisory Opinion to Governor,15 So.2d 765 (Fla. 1944). Under s. 240.001(2), quoted above, the Board of Regents has been designated by the legislature as the "policy-making board" of our state university system. The board may adopt rules and regulations establishing its policies and providing standards by which these policies may be carried out by the chancellor or the heads of the universities as ministerial duties; however, for the reasons stated above, pending legislative or judicial clarification, the board should not abdicate its statutory duties and responsibilities in the respects here in question by subdelegating them to the chancellor or the university presidents. Your question is, therefore, answered in the negative.