QUESTION: Is the Commission on Ethics a part of the legislative or executive branch of state government?
SUMMARY: Pending legislative or judicial clarification, the functions of the Commission on Ethics are legislative, and not executive, functions of state government; and the commission is a part of the legislative branch of state government. As such, the commission is not subject to, nor regulated by, Ch. 216, F. S., relating to planning and budgeting of executive and judicial branch agencies of state government, save the provisions of ss.216.081 and 216.192 and other such sections as are properly related to the legislative branch of state government. The position of executive director of the Commission on Ethics is exempt from the provisions and requirements of Ch. 110, F. S., with respect to setting the salary of such position; and the commission possesses the statutory power to set the compensation of that position. In all other respects, the position of executive director is subject to and regulated by the terms and provisions of Ch. 110 and duly adopted personnel rules and regulations in implementation thereof. Under the current status of the law, other employees of the Commission on Ethics are subject to the provisions of Ch. 110, F. S., in its entirety. Section 18, Art. III, State Const., commands the Legislature to prescribe by law a code of ethics for all state employees and nonjudicial officers. Partly pursuant to this constitutional command and in the exercise of its inherent legislative powers, s. 1, Art. III, State Const., the Legislature adopted a Code of Ethics and Financial Disclosure Law, Ch. 74-177, Laws of Florida, and created the Commission on Ethics to administer the Code, Ch. 74-176, id. (See ss.112.311-112.324, F. S.) The stated general purpose of the commission is to serve as "guardian of the standards of conduct for the officers and employees of the state, and of a county, city or other political subdivision," as defined by the act. The duties of the Commission on Ethics, according to s. 112.322, (Ch. 74-176, supra) as amended by Ch. 75-199, Laws of Florida, are, among others, . . . to receive and investigate sworn complaints of violation of the code of ethics as established in this part, including investigation of all facts and parties materially related to the complaint at issue. To fulfill this duty, the commission was granted the power to investigate complaints, hold hearings, issue subpoenas, compel witness attendance and testimony, administer oaths and affirmations, take evidence, require the production of evidence by subpoena, and conduct audits. Procedures to be followed by the commission, as prescribed by s. 112.324, id., include requirements that the accused be given notice and an opportunity to attend the hearing. Further set forth are the procedures to be followed by the commission in recommending various disciplinary actions to the appropriate officials also set forth in the statute; and, insuring due process, a provision is made for direct judicial review of any final commission action. Section 112.3241, id. The commission may also request that the Governor initiate judicial proceedings against a public officer or employee and may issue advisory opinions to public officers and employees as to the applicability of the Code of Ethics in a particular factual situation. These opinions are binding on the conduct of the requesting officer until amended or revoked or unless material facts were misstated or omitted in the request. See s. 112.322, supra. Said opinions are subject to judicial review under s. 112.3241, F. S. These duties and procedures are clearly quasi-judicial in nature. See Black's Law Dictionary, defining quasi-judicial as [a] term applied to the action, discretion, etc., of public administrative officers, who are required to investigate facts, or ascertain the existence of facts, and draw conclusions from them, as a basis for their official action, and to exercise discretion of a judicial nature. Accord: Bloomfield v. Mayo, 119 So.2d 417, 421 (1 D.C.A. Fla., 1960), in which the court said that, to be quasi-judicial in nature, an administrative order must be based on notice and a hearing in accordance with the basic requirements of due process of law. But the fact that the commission has been vested with quasi-judicial powers by the Legislature, as authorized by s. 1, Art. V, State Const., does not mean that it is a part of the judicial branch of government. See Canney v. Board of Public Instruction of Alachua County, 278 So.2d 260 (Fla. 1973), in which the court noted that the school board exercised quasi-judicial powers but stated that the characterization of the decision-making process by a school board as "quasi-judicial" does not make the body into a judicial body. It was further stated that: The correct understanding of the terminology "quasijudicial" means only that the School Board is acting under certain constitutional strictures which have been enforced upon all administrative boards and not that the School Board has become a part of the judicial branch. To hold otherwise would be to combine the legislative and judicial functions in one body clearly contrary to the separation of powers doctrine. . . . Similarly, the Commission on Ethics is not a part of the judicial branch of government. It goes without saying that it is not a part of the system of courts of this state, nor does it perform any functions in connection with the administration of our judicial system that would justify its inclusion by the Legislature as a part of the judicial branch of government, such as the Judicial Administrative Commission, the Judicial Qualifications Commission, and the Judicial Council — each of which is listed under the Judicial Branch of Government in the 1975 General Appropriations Act, Ch. 75-280, Laws of Florida (Items 787-790, 837, and 838-840, respectively). Nor is the commission designated by the Legislature as a part of the executive branch of government — and, presumptively, rightly so. In AGO 074-291, it was said that "[t]he executive branch has the purpose of executing the programs and policies adopted by the legislature and of making policy recommendations to the legislature," quoting from s. 20.02(1), F. S. See also 81 C.J.S. States s. 50, stating:
An executive department has primarily to do with the political government of the state in the execution and enforcement of the law wherein the governor is the supreme head, but every commission which exercises executive duties in some capacity cannot be narrowed to the definition of being an executive department under the governor. The Commission on Ethics does not itself enforce any portion of the law. Based on its investigations of complaints, discussed above, it may recommend certain action or enforcement by another official; but it is the other official, not the commission, through which enforcement powers are exercised. See ss. 112.322(4), and 112.324(3), (4)(a)-(f), (5), and (6), F. S. Thus, it does not appear that the commission exercises any executive-type powers of enforcement in investigating complaints. Cf. In re Advisory Opinion to the Governor, 223 So.2d 35 (Fla. 1969), ruling that the functions of the Florida Public Service Commission were not executive functions so as to require reorganization under s. 6, Art. IV, State Const. In any event, the Legislature did not place the commission within one of the executive branches of government heretofore established by it pursuant to the mandate of s. 6, Art. IV, that "[a]ll functions of the executive branch of state government shall be allotted among not more than twenty-five departments, exclusive of those specifically provided for or authorized in this constitution." Nor did it place the commission under the "direct supervision of the governor, the lieutenant governor, the governor and cabinet, a cabinet member, or an officer or board appointed by and serving at the pleasure of the governor," as required by the same provision of the Constitution for all executive agencies of government "unless otherwise provided in this constitution." The constitutional provision requiring the Legislature to prescribe a code of ethics for all state employees and nonjudicial officers, s. 18, Art. III, supra, did not "otherwise provide." It is a long-standing rule of construction that, if possible to do so, the law should be construed so as to comport with the Constitution. Overstreet v. Blum, 227 So.2d 197 (Fla. 1969). Therefore, to comport with the Constitution, and in consideration of all of the above, it must be concluded that the Legislature did not intend the Commission on Ethics to be a part of the executive branch of state government. This leaves, then, only the legislative as the branch of government to which the Commission on Ethics belongs. It is well settled that the Legislature may, within appropriate limitations, authorize a statutory administrative body to perform quasilegislative functions designed to effectuate valid legislative purposes, if consistent with organic law. Florida Motor Lines v. Railroad Com'rs, 129 So. 876 (Fla. 1930); Miami Bridge Co. v. State R. R. Commission, 20 So.2d 356, 361 (Fla. 1945); In re Advisory Opinion to the Governor, 223 So.2d 35 (Fla. 1969). In the case last cited, the Supreme Court ruled squarely that the performance of the duties of the commission was not a function of the executive branch of government so as to require reorganization under s. 6, Art. IV, State Const., but a part of "the legislative or the judicial branch of government." As was noted above, the Commission on Ethics is not a part of the judicial branch of government and has not been treated by the Legislature as a part of the executive branch of government. It is noteworthy that, during the fiscal year immediately after its creation, 1974-1975, the commission received fiscal and administrative assistance from the Joint Legislative Management Committee (a legislative committee). It was included as a separate item in the 1975-1976 budget; but this fact, standing alone, would not appear to be sufficient to justify a conclusion that it was intended by the Legislature to be a part of the executive branch of government in light of the matters and authorities referred to above. It must be concluded, therefore, pending legislative or judicial clarification, that the Commission on Ethics is a part of the legislative branch of government. I have heretofore ruled in AGO 076-53, dealing with the question of the applicability of the provisions of Ch. 216, F. S., relating to the planning and budgeting of "state agencies" as defined in that statute, that said provisions were not applicable to the legislative branch of state government. As I have hereinabove concluded that, pending legislative or judicial clarification, the commission is a part of the legislative branch of government, the conclusions reached in AGO 076-53 regarding the question of the applicability of Ch. 216 to the Florida Law Revision Council will control the instant case; and, therefore, the provisions of Ch. 216 are not applicable to the Commission on Ethics, save ss. 216.081 and 216.192 and other such sections properly related to the legislative branch of state government. As to the question of the applicability of Ch. 110, F. S., the State Career Service System, to the commission personnel, a complex situation arises. I have heretofore ruled in AGO 076-53 that the exemptions to Ch. 110, supra, granted in s. 110.051(2)(b), (c), and (k) are inapplicable to the personnel of the Law Revision Council. In the particular regard of the applicability of those same exemptions to commission personnel, the factual situation here is, for such purpose, identical, and therefore the same conclusion of inapplicability of those exemptions is reached in the instant case. Although s. 110.051(1) states that, unless specifically exempted by that chapter, the Career Service System shall include all such unexempted positions "any provisions of the Florida Statutes to the contrary notwithstanding," s. 112.321(2), F. S., empowering the commission to employ and set the compensation of its executive director, is a later-in-time piece of legislation and will therefore control over Ch. 110 to the extent of any irreconcilable conflict between the statutes. State v. City of Boca Raton, 172 So.2d 230 (Fla. 1965). Therefore, by virtue of s. 112.321(2) being later in time than, and in conflict with, s. 110.051(1) and other provisions of Ch. 110 controlling and regulating the compensation of state employees, I am of the opinion that, pending legislative or judicial clarification, the position of executive director of the commission is exempt from such statutory provisions and requirements with respect to his compensation and that the Commission on Ethics possesses the statutory power to set the compensation of the executive director under its employ. In all other respects, the executive director is subject to and controlled by the terms and provisions of Ch. 110 and duly adopted personnel rules and regulations implementing that law. As the applicable statutes are silent with respect to other commission employees, I am of the opinion that, under current status of the law, the remainder of the commission employees are subject to the provisions of the State Career Service System, Ch. 110, supra, in its entirety.