Mr. J. Michael Swaine City Attorney City of Sebring 245 So. Commerce Sebring, Florida 33871-0231
Dear Mr. Swaine:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 IS THE SEBRING COMMUNITY REDEVELOPMENT AGENCY AUTHORIZED PURSUANT TO ss. 163.358 AND 163.370, F.S., TO PURCHASE REAL PROPERTY LOCATED WITHIN THE REDEVELOPMENT AREA UNDER ITS REDEVELOPMENT PLAN FOR PUBLIC PARKING WITHOUT PRIOR APPROVAL OF THE CITY COUNCIL?
Your letter states that the Sebring Community Redevelopment Agency was created pursuant to s. 163.356, F.S. A question has recently arisen as to whether the community redevelopment agency has the authority pursuant to s. 163.358, F.S., as limited by s.163.370(2), F.S., to purchase real property for public parking in the redevelopment area under the redevelopment plan without the prior approval of the city council. You indicate that the city council has taken the position that "since the acquisition is not for any item under s. 163.370(2)," the decision for the acquisition can be made by the community redevelopment agency and not the city council. The Sebring Community Redevelopment Agency joins in your request which was submitted on behalf of the city council. Based on this information I will assume that a community redevelopment plan has been approved in this instance and that your question does not relate to modifications of such a plan. Any determination of what constitutes a community redevelopment purpose, pursuant to Part III, Ch. 163, with regard to the uses made of particular property must be made by the community redevelopment agency.
The Community Redevelopment Act of 1969, Part III, Ch. 163, F.S., was enacted to enable counties and municipalities to eliminate and prevent the development or spread of slums and urban blight, to encourage community redevelopment and to provide for the redevelopment of slums and blighted areas. See, s. 163.340(9), F.S., defining "community redevelopment" as the "undertakings, activities, or projects of a county, municipality, or community redevelopment agency in a community redevelopment area for the elimination and prevention of the development or spread of slums and blight . . . and may include slum clearance and redevelopment in a community redevelopment area or rehabilitation or conservation in a community redevelopment area, or any combination or part thereof, in accordance with a community redevelopment plan and may include the preparation of such a plan." See also, ss. 163.340(10) and (11), F.S., respectively defining "community redevelopment area" and "community redevelopment plan."
After a finding of necessity pursuant to s. 163.355, F.S., a municipality may exercise the authority conferred by Part III, Ch.163, F.S. A municipality may create a public body corporate and politic to be known as a "community redevelopment agency" which may exercise the powers set forth in Part III, Ch. 163, F.S., upon a finding of necessity pursuant to s. 163.355, and a further finding that there is a need for a community redevelopment agency to carry out the community redevelopment purposes of Part III, Ch.163, F.S. Section 163.370(1), F.S., provides that a municipality shall have the powers necessary or convenient to carry out and effectuate the provisions of the Community Redevelopment Act and, in subsection (1)(c), provides specific authority for a municipality to undertake and carry out community redevelopment activities within the redevelopment area. Redevelopment, as contemplated by s. 163.370, F.S., includes:
 1. Acquisition of a slum area or a blighted area or portion thereof.
* * *
 6. Acquisition of real property in the community redevelopment area which, under the community redevelopment plan, is to be repaired or rehabilitated for dwelling use or related facilities, repair or rehabilitation of the structures for guidance purposes, and resale of the property.
 7. Acquisition of any other real property in the community redevelopment area when necessary to eliminate unhealthful, unsanitary, or unsafe conditions; lessen density; eliminate obsolete or other uses detrimental to the public welfare; or otherwise to remove or prevent the spread of blight or deterioration or to provide land for needed public facilities.
Section 163.370(1)(c)1., 6., and 7., F.S.
The authority of the municipality to acquire real property within the community redevelopment area is also addressed in s.163.370(1)(e)2., F.S., authorizing the municipality
 [t]o acquire by purchase, lease, option, gift, grant, bequest, devise, eminent domain, or otherwise any real property (or personal property for its administrative purposes), together with any improvements thereon; except that a community redevelopment agency may not exercise any power of eminent domain unless the exercise has been specifically approved by the governing body of the county or municipality which established the agency.
A municipality may exercise all or any part or combination of these powers or it may elect to have such powers exercised by a community redevelopment agency. Section 163.370(1)(o), F.S.
Assuming that the City of Sebring has elected to grant to the Sebring Community Redevelopment Agency the authority set forth in s. 163.370(1)(c)1., 6., 7. and (e), F.S., supra, the community redevelopment agency is authorized to acquire real property as provided by the statute. Section 163.358, F.S., provides that the community redevelopment powers assigned to a community redevelopment agency created under s. 163.356 include all the powers necessary or convenient to carry out and effectuate the purposes and provisions of this part; the statute, however, reserves and vests certain powers in the governing body of the municipality including:
 (1) The power to determine an area to be a slum or blighted area, or combination thereof; to designate such area as appropriate for community redevelopment; and to hold any public hearings required with respect thereto.
 (2) The power to grant final approval to community redevelopment plans and modifications thereof.
 (3) The power to authorize the issuance of revenue bonds as set forth in s. 163.385.
 (4) The power to approve the acquisition, demolition, removal, or disposal of property as provided in s. 163.370(2) and the power to assume the responsibility to bear loss as provided in s. 163.370(2).
As originally enacted by s. 2, Ch. 77-391, Laws of Florida, s.163.358(4), supra, referred to the provisions of s. 163.370(4), F.S. In 1981, s. 163.370(4) was editorially renumbered as subsection (2). See, note to s. 70, Ch. 81-259, Laws of Florida. Prior to publication of the 1984 Supplement to the Florida Statutes, the Division of Statutory Revision editorially renumbered s. 163.370(1)(c)2., created by s. 11, Ch. 84-356, Laws of Florida, as subsection (2) and designated s. 163.370(2), F.S. 1983, as subsection (3).
Florida follows the rule of construction that a specific reference to a statute effectively incorporates the language of that statute as it existed at the time the reference was enacted, unaffected by any subsequent amendment or repeal of the incorporated statute. See, Williams v. State ex rel. Newberger, 125 So. 358 (Fla. 1930), rev'd. on other grounds on rehearing, 131 So. 864 (Fla. 1930); Overstreet v. Blum, 227 So.2d 197 (Fla. 1969). Thus, the reference to s. 163.370(2), F.S., in s. 163.358(4), F.S., incorporated the language of s. 163.370(2) as codified in 1977 and currently contained in s. 163.370(3), F.S. Therefore, the power to approve the acquisition, demolition, removal or disposal of property as set forth in what is currently designated s. 163.370(3), and the power to assume the responsibility to bear loss as provided in that subsection, remain vested in the municipality. Section163.370(3), provides that:
 With the approval of the governing body, a community redevelopment agency may:
 (a) Prior to approval of a community redevelopment plan or approval of any modifications of the plan, acquire real property in a community redevelopment area, demolish and remove any structures on the property, and pay all costs related to the acquisition, demolition, or removal, including any administrative or relocation expenses.
 (b) Assume the responsibility to bear any loss that may arise as the result of the exercise of authority under this subsection, in the event that the real property is not made part of the community redevelopment area. (e.s.)
(The language of this subsection is identical to the 1977 codification with the exception of the last word of [b] which, in the 1977 version, is designated a "project" rather than an "area"). Compare, s. 163.370(2), F.S., which sets forth the projects which may not be paid for or financed by increment revenues.
By the provisions of the statute itself, the requirements of s.163.370(3), F.S., apply prior to the approval of a community redevelopment plan or approval of any modifications of the plan. Thus, as it appears that a community redevelopment plan has been approved and that modifications of such a plan are not involved in this instance, the provisions of s. 163.370(3), F.S., do not apply to the instant inquiry. See, Alsop v. Pierce, 19 So.2d 799, 805
(Fla. 1944) ("When the Legislature has prescribed the mode, that mode must be observed. When the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way. . . ."); see also, Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Thayer v. State,335 So.2d 815, 817 (Fla. 1976).
Therefore, it is my opinion that the Sebring Community Redevelopment Agency is authorized pursuant to the provisions of s. 163.370, F.S., read in pari materia with s. 163.356, F.S., to purchase real property located within the area under its redevelopment plan for public parking (if such use is determined to constitute a community redevelopment purpose) pursuant to Part III, Ch. 163, F.S., without prior approval of the city council.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General