Mr. David G. Conn Attorney for the Anastasia Mosquito Control District 77 Bridge Street St. Augustine, Florida 32085-1957
Dear Mr. Conn:
This is in response to your request for an Attorney General's Opinion on substantially the following questions:
 1. MAY THE BOUNDARIES OF THE ANASTASIA MOSQUITO CONTROL DISTRICT OF ST. JOHNS COUNTY, FLORIDA, AND THE TERRITORY FROM WHICH DIRECTORS OF THE DISTRICT ARE ELECTED, WHICH INCLUDES BOTH INCORPORATED AND UNINCORPORATED AREAS, BE CHANGED BY COUNTY ORDINANCE?
 2. MAY A NONCONTIGUOUS GEOGRAPHICAL AREA BE ADDED TO THE DISTRICT?
The Anastasia Mosquito Control District of St. Johns County, Florida, was created by Ch. 61-2745, Laws of Florida, as amended by Chs. 73-609, 73-611, and 80-597, Laws of Florida. The geographical boundaries of the district are set forth in s. 3, Ch. 61-2745, supra. The remainder of this chapter and subsequent amendments thereto address the composition of the board in terms of numbers (s. 1, Ch. 61-2745, supra), and residence (Ch. 73-609, supra), terms of office (ss. 4 and 5, Ch. 61-2745, supra), election to office (ss. 4 and 5, Ch. 61-2745, supra), remuneration (Ch. 80-597, supra), and quorum requirements (s. 7, Ch. 61-2745, supra).
QUESTION ONE
Chapter 61-2745, Laws of Florida, as amended, is silent on the matter of changing the boundaries of, or annexing additional territory into, the Anastasia Mosquito Control District. However, s. 8 of Ch. 61-2745, states: "The provisions of Chapter 388, Florida Statutes, entitled `Mosquito Control', shall govern the functions of [the] Anastasia Mosquito Control District, except where same is inconsistent with the provisions of this act."
Florida follows the rule of construction that a specific reference to a statute, in effect, incorporates the language of that statute as it existed at the time the reference was enacted, unaffected by any subsequent amendment or repeal of the incorporated statute unless a contrary intent clearly appears. See, Reino v. State,352 So.2d 853 (Fla. 1977); Overstreet v. Blum, 227 So.2d 197
(Fla. 1969); Williams v. State ex rel. Newberger, 125 So. 358
(Fla. 1930), rev'd on other grounds on rehearing, 131 So. 864
(Fla. 1930), AGO 86-41. Compare, Hecht v. Shaw, 151 So. 333
(Fla. 1933), stating that when the adopting statute makes no reference to any particular statute or part of a statute by its title or otherwise but refers to the law generally which governs a particular subject, the reference in such a case includes not only the law in force at the date of the adopting act, but also all subsequent laws on the particular subject referred to, so far at least as they are consistent with the purpose of the adopting act. Thus, in light of the specific reference to Ch. 388 in the enabling legislation for the mosquito control district, and in the absence of any evidence of an intent to the contrary in Ch. 61-2745, supra, it is the procedure for changing district boundaries which was incorporated into the act when it was enacted (codified in s. 388.211, F.S. 1959), which must be followed for affecting a change in the boundaries of the Anastasia Mosquito Control District.
Section 388.211, F.S. 1959, provides as follows:
 The board of commissioners of any district may, for and on behalf of said district or the owners of real estate within or without said district, file a petition with the board of county commissioners in each county having land within said district, requesting it to call an election of the qualified electors of the territory affected to determine whether or not the boundaries of the district shall be extended to include lands described in the petition, or ask that certain lands be eliminated therefrom, or that the boundary lines of the district be changed in any manner. When such a petition is filed, the board of county commissioners shall conduct an investigation and call an election as provided for in this chapter for the creation of districts. If the result of [the] election favors the change in boundary, the board of county commissioners shall amend its order creating the district to include the change in boundary.
Cf., Brooks v. Anastasia Mosquito Control District, 148 So.2d 64
(1 D.C.A.Fla., 1963), construing as permissive rather than mandatory the provision of s. 388.211, F.S. 1959, which allows the board of the mosquito control district to petition the board of county commissioners for an election to change the district boundaries.
Thus, the procedure to be followed in changing the boundaries of the Anastasia Mosquito Control District is that described in s.388.211, F.S. 1959, calling for an election by the qualified electors of the affected territory to determine whether the boundaries of the district shall be extended.
QUESTION TWO
Your second question relates to whether there is a requirement that property to be annexed into the Anastasia Mosquito Control District must be contiguous with the district. You note that such a requirement exists with regard to the annexation of territory by a municipality.
The annexation of contiguous, compact, unincorporated territory by a municipality is an express legislative requirement set forth in s. 171.043, F.S. Cf., s. 165.061(1)(a), F.S., which establishes, as a condition for the incorporation of a new municipality, that the area proposed for incorporation must be "compact and contiguous and amenable to separate municipal government." See also, s. 171.043(1), F.S., setting forth the procedures for municipal annexation of such property. And see, s. 171.031(11), F.S., defining "[c]ontiguous" for purposes of Ch. 171, F.S., and (12), defining "[c]ompactness." In addition, this office has, in AGO 77-18, suggested that the requirement of contiguity for municipal annexation is imposed even in the absence of a specific statutory mandate therefor. See, MacKinlay v. City of Stuart,321 So.2d 620, 623 (4 D.C.A.Fla., 1975). See also, 2 McQuillin Municipal Corporations s. 7.20 (3rd ed. 1979).
My research has produced no evidence of a similar contiguity requirement for purposes of annexation of territory by a mosquito control district nor have you brought any such provision to my attention. I would point out that s. 388.021, F.S. 1959, states that "any city, town, or county, or any portion or portions thereof, whether such portion or portions include incorporated territory or portions of two or more counties in the state, may be created into a special taxing district for the control of mosquitoes and other arthropods under the provisions of this chapter." (e.s.)
Thus, in the absence of any express statutory requirement of contiguity for annexation of property into a mosquito control district or general principle imposing this condition, I am unable to conclude that contiguity of annexed property is required provided that the purpose and function of the district can be performed in such area. Cf., State ex rel Bower v. City of Tampa,316 So.2d 570, 571 (2 D.C.A.Fla., 1975) (area to be annexed must be amenable to municipal benefits); Richmond v. Town of Largo,19 So.2d 791, 793 (Fla. 1944); Gillette v. City of Tampa, 57 So.2d 27,29 (Fla. 1952); and State ex rel. Ervin v. City of Oakland Park,42 So.2d 270, 272 (Fla. 1949) (new areas cannot be brought into a municipality except on condition of furnishing the occupants municipal conveniences). Compare, s. 388.011(1), F.S. 1959, defining a "district" for purposes of Ch. 388 as "[a] mosquito control district[s] established in this state, whether organized under general or special law, and any political subdivision of this state authorized to perform the functions of a mosquito control district"; with s. 153.52(1), F.S., defining a "district" for purposes of county water and sewer districts as "any unincorporated contiguous area comprising part but not all of the area of any county created into and existing as a water and sewer district. . . ." (e.s.)
I would note that the Anastasia Mosquito Control District is currently empowered to act outside the established boundaries of the district by s. 388.391, F.S. 1959, which provides that:
 Any district whose operation is limited to a portion of the county in which it is located may perform any control measures authorized by this chapter in any municipality located in the same county or in any portions of the same county where there is no established district when requested to do so by the municipality or county pursuant to ss. 388.371 and 388.381.
In sum, it is my opinion that the boundaries of the Anastasia Mosquito Control District of St. Johns County may be altered or changed pursuant to the procedure set forth in s. 388.211, F.S. 1959. This section requires, inter alia, an election by the qualified electors of the territory affected approving the inclusion of such territory in the district prior to such change. Further, I am unable to discern any requirement, express or otherwise, that territory to be annexed into a mosquito control district be contiguous thereto.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General